IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA G. MILLER, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| PHILIPS RS NORTH AMERICA LLC, | : | |
| F/K/A RESPIRONICS, INC.; | : | |
| KONINKELIJKE PHILIPS N.V.; | : | |
| PHILIPS NORTH AMERICA, LLC; and | : | |
| PHILIPS HOLDING USA, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |

## COMPLAINT

1. The Plaintiff is Julia G. Miller who resides at 531 North Sumner Avenue, Scranton, Lackawanna County, Pennsylvania 18504.

2. The Defendants are Philips RS North America, LLC, F/K/A Respironics, Inc. (Philips RS and/or Respironics), c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, Koninkelijke Philips, N.V. (Royal Philips), the Parent Company of Philips NA and Philips RS with principal offices at Philips Center, Amstelplein 2, 1096 BC Amsterdam, the Netherlands; Philips North America, LLC, a Delaware Corporation with principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141 and Philips Holding USA, Inc., (PHUSA), a Delaware Corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141.

3. Royal Philips, Philips NA, PHUSA and Philip RS/Respironics are herein collectively referred to as "Philips" and/or "Defendants".

4. All Philips Defendants it is believed and averred can be properly served at the Pennsylvania Headquarters address of Philips RS located at 1010 Murry Ridge Lane, Murrysville, Pennsylvania 15668.[1]

5. All of the Philips Defendants conduct regular business in the Middle District of the Commonwealth of Pennsylvania.

6. The Philips Defendants are in the business of manufacturing, marketing, selling and distributing a variety of products for sleep and home respiratory care.

7. The Philips products manufactured, marketed, imported, sold and distributed include a variety of Continuous Positive Airway Pressure (CPAP) and BiLevel Positive Airway Pressure (Bilevel PAP) devices for patients with obstructive sleep apnea ("OSA").

8. The Philips Defendants are also in the business of marketing and selling a variety of ventilator devices for patients with respiratory conditions.

9. On June 14, 2021, Philips issued a recall notification for many of its CPAP and BiLevel PAP devices as well as a number of its ventilator devices. (A copy of the urgent medical device recall literature which was provided to the plaintiff, Julia G. Miller, is attached hereto and marked Exhibit "1").

---

[1] Although the Royal Philips Defendant is a Netherlands Company entitled to service pursuant to the Hague Service Convention, Plaintiff believes that service will be accepted by Royal Philips along with all other Philips Defendants at the Murryville, Pennsylvania address. In the event Royal Philips does not accept service via the Murryville, Pennsylvania address, Plaintiff will immediately make proper service via the Hague Service Convention.

10. Upon issuing its recall notification the Philips Defendants advised consumers of serious potential health risks related to the sound abatement foam used in the affected devices.

11. The Philips Defendants informed the patients using these devices of potential risks from exposure to degraded sound abatement foam particles and exposure to chemical emissions from the sound abatement foam material.

12. The Philips Defendants most importantly, advised patients such as Plaintiff, Julia G. Miller, of health risks related to the problems with the sound abatement foam including potential cancers and other health issues.

13. The Plaintiff, Julia G. Miller, was prescribed a recalled Philips CPAP and/or Bi PAP machine on September 23, 2017 and began using it for her sleep apnea.

14. The Plaintiff, Julia G. Miller, religiously used her Philips Dream Station device beginning September 23, 2017 up through June 11, 2022.

15. The serial number for the Philips Dream Station device used by plaintiff, Julia G. Miller, was J171338772B5B8. Plaintiff registered the device with Philips as requested. Plaintiff's Philips Dream Station device was included in the recalled CPAP machines pursuant to the recall issued by the Philips Defendants.

16. On November 17, 2021 the Plaintiff, Julia G. Miller, was diagnosed with kidney cancer and underwent a radical right nephrectomy on February 3, 2022.

17. Plaintiff, Julia G. Miller, was also diagnosed with chronic lymphocyte leukemia (CLL).

18. As a direct and proximate result of the Philips Defendant's conduct, the Plaintiff, Julia G. Miller, has suffered serious and substantial life altering injuries.

19. As a direct and proximate result of the use of the Philips Dream Station, Serial Number J171338772B5B8 which was manufactured, marketed, imported, sold and distributed by the Philips defendants, the Plaintiff has suffered physical, emotional and financial injuries including kidney cancer and CLL.

## JURISDICTION AND VENUE

20. At all times pertinent to this Complaint, Defendants were and are in the business of selling devices for the treatment for obstructive sleep apnea including the Philips Dream Station device prescribed for and purchased by Plaintiff at issue in this law suit (the "subject device").

21. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a)(1) and § 1332(a)(2), as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

22. There is complete diversity between Plaintiff and all of the members comprising Philips NA and Philips RS.

## FACTUAL ALLEGATIONS

23. As noted above Plaintiff, Julia G. Miller, religiously utilized, as prescribed her Philips Dream Station sleep apnea machine Serial Number J17133872B5B8 from September 23, 2017 through June 11, 2022.

24. At all times the Plaintiff, Julia G. Miller, used her subject device in accordance with the guidelines, manual and instructions for use set forth by the Philips Defendants.

25. At all times the Plaintiff, Julia G. Miller, used the subject device for a purpose and in a manner for which the subject device was marketed, designed and intended.

26. At all times the Plaintiff, Julia G. Miller, used the subject device in accordance with the directions and instructions issued by her physician who prescribed the use of the subject device.

27. At all times relevant to her use of the subject device the Plaintiff, Julia G. Miller, consistently and constantly daily cleaned her device as required by the Philips Defendants and their instructions for use.

28. After, and as a result of using the subject device, the Plaintiff, Julia G. Miller, has suffered personal injuries including cancer of the kidney, loss of a kidney and chronic lymphocyte leukemia (CLL). These injuries would not have occurred but for the defective nature of the subject device and/or Philips Defendants wrongful conduct.

29. Plaintiff, Julia G. Miller's, use of the subject device caused or significantly contributed to her development and progression of kidney cancer and chronic lymphocyte leukemia (CLL).

30. By reason of the foregoing the Plaintiff, Julia G. Miller, has had to undergo significant treatment including surgery and will be required to undergo significant treatment in the future and now requires constant and continuous medical monitoring and treatment due to the defective nature of the subject device and/or the Philips Defendants wrongful conduct.

31. As a result of the aforementioned conduct and subject device, manufactured, designed, sold, distributed, advertised and promoted by the Philips Defendants, the Plaintiff, Julia G. Miller, was injured, resulting in severe mental and physical pain and suffering. Such

injuries will result in permanent disability to her person. As a further result, Plaintiff has suffered damages for which compensatory damages should be awarded.

## CAUSES OF ACTION

### COUNT I
### STRICT PRODUCTS LIABILITY

32. Plaintiff, Julia G. Miller, respectfully incorporates paragraphs 1 through 31 as if the same were set forth herein at length.

33. At all times relevant to this action, the Philips Defendants were sellers of products within the Commonwealth of Pennsylvania including the Philips Dream Station purchased and used by Plaintiff, Julia G. Miller, and as such are subject to the laws of strict liability, Restatement of Torts §402(a) and liability provisions thereunder.

34. The Philips Dream Station owned and utilized by the Plaintiff, Julia G. Miller, was one of the Recalled Devices designed, manufactured and sold by the Philips Defendants.

35. The Philips Dream Station device was defective in its design and/or formulation and was not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks far exceeded benefits associated with its design. The subject device is defective because it causes among other issues cancer, including cancer to the kidneys and leukemia.

36. The defective condition of the subject Philips Dream Station rendered it defective and unreasonably dangerous and the device was in this defective condition at the time it left the hands of the Philips Defendant.

37. The Philips Dream Station is defective in design because the PE-PUR foam compromising part of the device can degrade into particles that enter the device's air pathway and can off-gas certain chemicals. These characteristics cause, among other problems, cancer.

38. The Philips Defendants' research, design, manufacture, tested, advertised, promoted, marketed, sold and distributed the defective Dream Station device which, when used in its intended or reasonably foreseeable manner, created an unreasonable risk to the health of consumers including the Plaintiff, Julia G. Miller, and the Philips Defendants are therefore strictly liable for the injuries sustained by the Plaintiff.

39. As noted above, as a direct and proximate result of the Philips Defendants actions in placing the defective subject device into the stream of commerce the Plaintiff, Julia G. Miller, has suffered serious physical and mental injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic losses into the future.

## COUNT II

## STRICT LIABILITY - FAILURE TO WARN

40. The Plaintiff, Julia G. Miller, respectfully incorporates Paragraph 1 through 39 above as if set forth herein at length.

41. The subject device, Philips Dream Station, was defective due to inadequate warnings because the Phillips Defendants knew or should have known that the product created a significantly increased risk of cancer among other health impacts and failed to warn the medical community, the Plaintiff's physician and/or consumers such as the Plaintiff, Julia G. Miller, of the product defect and increased risks of cancer and other health risks associated with the subject device.

42. The subject devices labeling and warnings were defective because they omitted and inadequately warned of the device's risk of cancer and other health risks.

43. As a direct and proximate result of the subject device's defects as described herein and the Philips Defendants' failure to warn the Plaintiff and her physicians of the subject

device's defects, the Plaintiff, Julia G. Miller, developed cancer, suffered permanent and continuous injuries, pain and suffering, disability and impairment. Plaintiff has further suffered emotional trauma, harm and injuries that will continue into the future. Plaintiff has lost her ability to live a normal life and will continue to be so diminished in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly and severally and requests compensatory and punitive damages, together with costs and interest, and any further relief as the Court deems proper.

## COUNT IV

## NEGLIGENCE

44. The Plaintiff, Julia G. Miller, respectfully incorporates Paragraph 1 through 43 above as if set forth herein at length.

45. At all times relevant hereto, the Philips Defendant manufactured, designed, marketed, tested, promoted, supplied, sold and or distributed the recalled devices including the Philips Dream Station utilized by the Plaintiff, Julia G. Miller, in the regular course of business.

46. The Philips Defendant designed and sold the subject device for treatment of sleep apnea and other issues and knew or should have known that the use of the subject device was dangerous, harmful and injurious when used by the Plaintiff, Julia G. Miller, and other consumers in a reasonably foreseeable manner.

47. The Philips Defendants were negligent and breached their duty to the Plaintiff, Julia G. Miller, and other users of the subject device by failing to use reasonable care in the design of the subject device by designing the subject device such that the PE-PUR foam inside the device could produce highly harmful particles and gases that entered the device airway leading to the users respiratory system and resulting in physical ailments including cancer.

48. The Philips Defendants were negligent in the design and manufacturing of the subject devices including the Philips Dream Station.

49. The Philips Defendants were negligent in failing to warn the Plaintiff, Julia G. Miller, and other consumers of the defective nature of the recalled devices.

50. The Philips Defendants were also negligent in failing to provide adequate warnings and instructions to prevent harm to the Plaintiff, Julia G. Miller, and other consumers.

51. The Philips Defendants were negligent in the manufacturing, design, assemblage, inspection, testing, packaging, labeling, marketing, advertising, promoting, supplying and distributing the recalled devices including the Philips Dream Station device utilized by the Plaintiff, Julia G. Miller.

52. The Philips Defendants were negligent in the inspection, testing, and utilization of good manufacturing practices in the production of the subject devices including the Philips Dream Station utilized by the Plaintiff, Julia G. Miller.

53. The Philips Defendants were negligent and/or reckless in their design and development of the recalled devices including the Philips Dream Station utilized by the Plaintiff, Julia G. Miller, in placing the devices on the market without thorough and adequate testing and without adequate and correct warnings to the public and/or medical community with respect to the cancer risks associated with the recalled devices.

54. The Philips Defendants were careless and reckless in the design, manufacturing and sale of the recalled devices and failed to act in a timely fashion to notify the public of the defects and hazardous conditions of the recalled devices in a timely manner.

55. The Philips Defendants carelessly, negligently and recklessly misrepresented the safety of the recalled devices to the public including the Plaintiff, Julia G. Miller, for many years resulting in injury and physical illness including cancers such as the kidney cancer and leukemia suffered by the Plaintiff.

WHEREFORE, the Plaintiff, Julia G. Miller, demands judgment against the Philips Defendants, and each of them, individually, jointly and severally and requests compensatory and punitive damages, together with costs and interest and any further relief as the Court deems proper.

Respectfully submitted

DOUGHERTY, LEVENTHAL & PRICE, LLP

_____
Joseph G. Price, Esquire

_____
Sean P. McDonough, Esquire